F. WILLIAM LAVIGNE
ATTORNEY AT LAW LLC
157 MAIN STREET, P.O. BOX 383
ANDOVER, NEW JERSEY 07821
(973)786-5784
Attorney for Plaintiff Ron Harris and Renee Harris

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In Re: | (Hon. Donald H. Stechroth) |
| JASON A. SNEIDER | Chapter 13 |
| Debtors. | Case No. 09-30468-DHS |
| RON HARRIS and RENEE HARRIS | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| SNEIDER & SONS EXCAVATING, LLC; WANTAGE BARN AND FENCE CO LLC; HARDSCAPE CONSTRUCTION & LANDSCAPE DESIGN, CO.; JASON SNEIDER, individually; John Does 1-10 | |
| Defendants. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(5), (a)(6) AND (a)(15)**

Plaintiff, Ron Harris and Renee Harris ("Plaintiff"), by and through his attorney,

F. William LaVigne, Esq., by way of Complaint against Defendant ("Defendant" or

"Debtor") hereby says:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the within action pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984.

2. This Complaint is within the Bankruptcy Court's core jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A),(B), and (I).

3. Plaintiff is entitled to bring this action pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## NATURE OF THE ACTION

5. This is an Adversary Proceeding in which the Plaintiff seeks a determination that Defendant's obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(3), and (a)(6).

## THE PARTIES

5. Plaintiff is a business customer and creditor of the Defendant.

6. Plaintiff resides at 144 Lower Unionville Road, Wantage, New Jersey 07461.

7. Defendant, Jason A. Sneider, the Debtor herein, is an individual who held himself out to the Plaintiff to be an expert in the field of home improvement in the construction of fencing, stone masonry gates, installation of electrical power supply for remote control gates and related undertakings.

8. Defendant resides at 127 Sally Harden Road, Wantage, New Jersey 07461.

## FACTUAL BACKGROUND

9. On or about June 21, 2008, plaintiffs and Seller entered into a contract

("contract") for the sale of goods and/or services.

10. The contract was entered into at 144 Lower Unionville Road, Wantage, New Jersey.

11. At all times relevant hereto, Seller was a merchant in the goods and/or services offered for sale to plaintiffs.

12. On or about June 21, 2008, Seller advertised and/or offered for sale goods and/or services to plaintiffs.

13. Details regarding the goods and/or services so offered are set forth in exhibit "A" annexed hereto.

14. Plaintiffs paid Seller the sum of $20,300.00 for the aforesaid goods and/or services.

15. The sale involved an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against plaintiffs, consisting of the following: Defendants failed to fulfill the terms and conditions of the contract as to quality of workmanship and as to the duration of the work.

16. The Seller knowingly concealed, suppressed or omitted a material fact from plaintiffs, with intent that plaintiffs rely upon same.

17. Those material facts were as follows: Defendants attempted to deceive and mislead Plaintiffs as to their identity and fitness to execute the contract requirements.

18. Plaintiffs demanded that the Seller provide a full refund of all sums that plaintiffs paid to Seller but Seller refused to comply with said demand.

19. To date, plaintiffs incurred the following amount of losses $20,300.00 amount paid to Defendants, $2,500.00 legal fees and $14,000.00 estimated cost to remediate the incorrect work and complete same relative to the fraudulent transaction.

20. Plaintiffs retained an attorney and bring this action to recover damages associated with the aforesaid misconduct.

21. The Defendants are guilty of Per Se Violations of the Consumer Fraud Act of the New Jersey Statutes Annotated and New Jersey Administrative Code having either committed or omitted the following acts or procedures.

    i. All parties did not sign the contract.

    ii. There is no beginning or ending date on the contract.

    iii. The names as imposed on the top of the proposal (contract) are intentionally misleading and are fraudulent and incorrect.

    iv. Hardscape Construction & Landscape Design, Co. and Sneider and Sons Excavating LLC are not registered under the Home Improvements Contractors Registration Rules HICR the CRA Contractor Registration Act and the HIP Home Improvement Practice Rules.

    v. There are no addresses for contractors and there is only a phone number for Wantage Barn and Fence Co. LLC.

    vi. The Defendants failed to provide a final contract in violation of the Consumer Fraud Act.

    vii. The Defendants failed to provide copies of all inspections for work done in accordance with the Wantage Township Building Code

and the State Electrical Code.

viii. The Defendants failed to display the registration number HICR on all documents.

ix. The Defendants failed to provide their commercial insurance information or certificate of insurance number with appropriate limits of liability.

x. Defendants failed to provide warranties for the materials provided and the fence as installed.

xi. Defendants failed to provide notification of general liability insurance, telephone number of the insurance company and issuing certificate with the contract.

xii. Defendants failed to provide notice in 10point bold font type notice as to cancellation with respect to said insurance contract.

xiii. Defendants failed to provide a toll free number for the director of insurance for confirmation or discussion with respect to the insurance as provided and required under the Consumer Fraud Act and the New Jersey Administrative Code.

xiv. The Plaintiffs demanded judgment against Defendants named to this count jointly and/or severally for: (1) Actual damages in the amount of the total contract price of the property or all monies paid to date thereon; (2) Expenses incurred by plaintiffs relative to closing costs and the cost to remedy the property's defects and/or repairs made to the property; (3) The remedies provided for under

any state and/or federal statutes plead herein, statutory treble damages, the equitable remedies provided for under the New Jersey Consumer Fraud Act and/or under the common law relative to defrauded persons and/or pursuant to N.J.S.A. 2A:32-1, et seq.; (4) Any other applicable consequential, incidental, nominal and expectation damages; and (5) Lawful interest, court costs, attorney's fees and such other and further relief as the court shall deem equitable and just.

22. Defendants were served with the summons and complaint on February 13, 2009.

23. Defendants failed to respond to any of the counts in the complaint and subsequently, Plaintiffs requested entry of judgment with proof of amount due on June 1, 2009.

24. A Proof Hearing had not been scheduled by the Honorable Edward V. Gannon, Superior Court Judge assigned to this matter.

25. Subsequently the Defendants filed a Petition for Bankruptcy on August 5, 2009 prior to the Courts having scheduled a Proof Hearing.

26. The Proofs Hearing could not proceed when it was finally scheduled for September 25, 2009, pursuant to provisions of the automatic stay rules of the US Bankruptcy Court.

## COUNT I

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as if same were set forth at length herein.

28. Defendant's various obligations to the Plaintiff are non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2)(A), (a)(3) and (a)(6) in so far as the claim that Plaintiff asserts against Defendant arises out of a course of conduct by the Defendant which indicates that Defendant took money and property from Plaintiff based upon false pretenses, false representations and actual fraud regarding the Defendant's financial position and the willful and malicious misrepresentations to the Plaintiff resulting in a willful conversion of Plaintiff's money and property.

29. Plaintiff relies upon *Edward S. Cohen v. Hilda de la Cruz, et al.* 523 U.S. 213 (1998).

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. determining all obligations owed by the Defendant to the Plaintiff herein are non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2)(A), (a)(3) and (a)(6);

b. awarding attorney's fees and costs of suit; and

c. for such other and further relief as is just and equitable.

F. WILLIAM LAVIGNE
Attorney At Law LLC
157 Main Street, P.O. Box 383
Andover, New Jersey 07821
(973)786-5784

*F. Wm. La Vigne*
F. WILLIAM LAVIGNE

Dated: December 2, 2009

## VERTIFICATION

STATE OF NEW JERSEY

           SS.:

COUNTY OF SUSSEX

We, Ron Harris and Renee Harris, of full age, being duly sworn, say:

We are the Plaintiffs in the foregoing Adversary Complaint. We have read the foregoing Adversary Complaint and the allegations contained therein. The allegations contained therein are true to the best of our personal knowledge and belief, except as to those allegations which are made upon information and belief. As to the allegations made upon information and belief, we believe those to be true.

We are aware that if any of the allegations are willfully false, that I am subject to punishment.

_____
RON HARRIS

_____
RENEE HARRIS

Subscribed and sworn to before me this
28th day December

_____
F. WILLIAM LAVIGNE
Attorney at Law
State of New Jersey

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In the matter of:
JASON A. SNEIDER

             Debtor

RON HARRIS and RENEE HARRIS

             Plaintiff(s)

Case No.  09-30468-DHS

v.

SNEIDER & SONS EXCAVATING, LLC;
WANTAGE BARN AND FENCE CO LLC;
HARDSCAPE CONSTRUCTION & LANDSCAPE
DESIGN, CO.; JASON SNEIDER, individually;

             Defendant(s)

Adversary No. _____

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk | 50 Walnut Street<br>3rd Floor<br>Newark, N.J. 07102 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney | F. William LaVigne<br>Attorney at Law LLC<br>157 Main Street, P.O. Box 383<br>Andover, N.J. 07821 |
|---|---|

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Courtroom: |
|---|---|
|  | Date and Time: |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

             James J. Waldron, Clerk

Date: _____    By: _____
                  Deputy Clerk

**MEDIATION OF ALL DISPUTES IS ENCOURAGED AND IS AVAILABLE PURSUANT TO D.N.J. LBR 9019-2. THE PRACTITIONER'S GUIDE TO THE MEDIATION PROCESS IS AVAILABLE IN THE BANKRUPTCY COURT CLERK'S OFFICE, IN EACH COURTROOM, AND ON THE COURT'S WEB SITE: www.njb.uscourts.gov. THE GUIDE CONTAINS AN OVERVIEW OF THE MEDIATION PROCESS, SAMPLE FORMS, THE REGISTER OF MEDIATORS AND APPLICABLE LOCAL RULES.**

*rev.12/1/09*